**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

BECK SIMMONS LLC, individually and on behalf of all other similarly-situated,

Plaintiff,

vs.

FRANCOTYP-POSTALIA, INC.,

Defendant.

Case No.: 4:14-cv-1161

**JURY TRIAL DEMANDED.**

# NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Francotyp-Postalia, Inc. ("FP"), hereby removes the above-captioned case to this Honorable Court and provides notice of the same to counsel representing the Plaintiff. In support of the removal, FP states as follows:

1. On or about April 29, 2014, Plaintiff Beck Simmons LLC filed a Class Action Petition against FP in the Circuit Court of St. Louis County, State of Missouri, Cause No. 14SL-CC01416. FP was served with a copy of the Petition, Summons and a Motion for Class Certification on May 30, 2014. The Class Action Petition, Motion for Class Certification, Summons, Request for Appointment of Process Server and Server's Affidavit of Service are the only documents that have been filed in the Circuit Court of St. Louis County. (*See* Petition, attached hereto as Exhibit A; Motion for Class Certification, Summons, Request for Appointment of Process Server and Server's Affidavit of Service, attached hereto as Exhibit B.)

2. This action arises out of a facsimile that FP allegedly sent to Plaintiff on October 31, 2011. (*See* Ex. A.) As a result of that facsimile, Plaintiff purports to bring three claims for money damages against FP, both in an individual capacity and on behalf of all others similarly situated. (*Id.*) Those claims are a Telephone Consumer Protection Act ("TCPA") claim (Count

I), a Conversion claim (Count II) and a Missouri Consumer Fraud and Deceptive Practices Act claim (Count III). (*Id*.)

3. According to Plaintiff's Class Action Petition, Plaintiff is a Missouri limited liability corporation with its principal place of business in Missouri. Therefore, pursuant to 28 U.S.C. § 1332(c), Plaintiff is a citizen of Missouri.

4. Defendant FP is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of Illinois. Therefore, pursuant to 28 U.S.C. § 1332(c), Defendant Francotyp-Postalia is a citizen of Delaware and Illinois.

5. Based upon Plaintiff's request for damages "between $500.00 and $1,500 in damages for each violation of the TCPA," FP believes that the amount in controversy exceeds $75,000, exclusive of interest and costs.

**JURISDICTION**

6. This action is one over which the Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1367, and may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

7. Jurisdiction is proper as to Count I pursuant to 28 U.S.C. § 1331 because Count I, a claim brought under the TCPA, arises under the laws of the United States. *See Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012) (holding federal courts have jurisdiction over TCPA claims pursuant to 28 U.S.C. § 1331). Jurisdiction is proper as to Counts II and III pursuant to 28 U.S.C. § 1367(a) because they are so related to claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. In the alternative, this action is one over which the Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court by the Defendant

pursuant to the provisions of 28 U.S.C. § 1441, in that it is an action wherein the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

**TIMELINESS**

9. This Notice of Removal is timely, as it was filed within 30 days of service of the Petition. 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based"); *see also Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that the 30-day limit under Section 1446(b)(1) does not begin to run until the defendant has been properly served).

**VENUE AND OTHER MATTERS**

10. Venue is proper in the Eastern District of Missouri, Eastern Division, St. Louis, Missouri, because Plaintiff filed its Petition in the Circuit Court of the St. Louis County, State of Missouri. 28 U.S.C. § 1441(a); 28 U.S.C. § 105.

11. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing with this Notice a copy of all process, pleadings, and orders filed, served or rendered in this action (Exhibits A & B) and a copy of this Notice of Removal is being served upon Plaintiff through its attorney of record, and filed with the Clerk in the Circuit Court of the St. Louis County, State of Missouri.

WHEREFORE, Defendant Francotyp-Postalia, Inc. removes this case to the United States District Court for the Eastern District of Missouri, Eastern Division.

HEPLERBROOM LLC

By: */s/ Michael L. Young*
Theodore J. MacDonald, Jr. # 28465MO
e-mail: tjm@heplerbroom.com
Michael L. Young # 52058MO
e-mail: mly@heplerbroom.com
Katherine E. Jacobi # 63907MO
e-mail: kej@heplerbroom.com
211 North Broadway, Suite 2700
St. Louis, Missouri 63102
314-241-6160 telephone
314-241-6116 facsimile
ATTORNEYS FOR **DEFENDANT**

## PROOF OF SERVICE

I hereby certify that I electronically filed on this 27th day of June, 2014, the foregoing with the Clerk of the Court using the CM/ECF system and that a complete copy of this instrument was served upon:

ATTORNEYS FOR PLAINTIFFS

| | |
|---|---|
| Max G. Margulis | Brian J. Wanca |
| Margulis Law Group | Anderson + Wanca |
| 28 Old Belle Monte Road | 3701 Algonquin Road, Suite 760 |
| Chesterfield, MO 63017 | Rolling Meadows, Illinois 60008 |

by first class mail, postage prepaid, and by depositing in a U.S. Post Office mail box.

*/s/ Michael L. Young*