UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BECK SIMMONS LLC, individually and on behalf of all other similarly-situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No.: 4:14-cv-01161-HEA |
| FRANCOTYP-POSTALIA, INC., | ) ) ) |
| Defendant. | ) |

**DEFENDANT FRANCOTYP-POSTALIA, INC'S**
**MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY**

Plaintiff's claim against Francotyp-Postalia, Inc. ("FP") based upon a failure to include an opt-out notice on solicited fax advertisements as allegedly required by FCC regulations runs afoul of the statutory authority granted to the Federal Communications Commission ("FCC") under the Telephone Consumer Protection Act ("TCPA").  The FCC is currently considering over twenty petitions requesting that the FCC clarify its regulations to confirm that the failure to include an opt-out notice on solicited fax advertisements runs does not violate the TCPA.  FP is also preparing to file a petition requesting the same relief from the FCC.  The FCC's ruling on those petitions will determine whether certain of Plaintiff's claims are viable and therefore greatly impact the scope of discovery and the class certification process.

Accordingly, FP requests that this Court enter an order staying this case pending (1) the disposition of the related pending petitions for declaratory judgment filed with the FCC requesting that the FCC clarify its regulations relating to the TCPA; (2) the disposition of the administrative petition that FP is preparing to file with the FCC; and (3) any rulings by the Federal Court of Appeals appealing from the FCC's final dispositions of the petitions.

1

**BACKGROUND**

Plaintiff filed a class action complaint alleging that FP violated the TCPA by, among other things, faxing or having an agent fax advertisements without a proper opt-out notice, as allegedly required by 47 C.F.R. § 64.1200.  (Plaintiff's Amended Complaint, Doc. 14, ¶ 34 (seeking to recover on behalf of all recipients of faxes sent by FP "which did not display a proper opt out notice").)  Plaintiff seeks to recover on behalf of all persons who received a fax that did not contain the opt-out notice, regardless of whether the fax was solicited or if FP had a business relationship with the recipient.  (*Id.; see also id.* at paragraphs 16-19, 23, 32(xi), 43-45.)  In support of its allegations, Plaintiff attached to its complaint an exemplar fax sent to Plaintiff that does not contain the opt-out notice.  (*See id.,* at Ex. A.)

**ARGUMENT**

Plaintiff's claim based upon a failure to include an opt-out notice on solicited fax advertisements runs afoul of the statutory authority granted to the FCC under the TCPA.  By its terms, the TCPA regulates only "unsolicited advertisements."  It defines the term "unsolicited advertisement" to mean "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise."  47 U.S.C. § 227(a)(5) (2010).  In relevant part, the statute prohibits the "use [of] any . . . device to send, to a telephone facsimile machine, an unsolicited advertisement, unless . . . the unsolicited advertisement contains a notice meeting the requirements under paragraph 2(D)."  *Id*. at § 227(b)(1)(C) & (C)(iii).

As the Eighth Circuit recently observed, the TCPA "does not expressly impose similar [notice] limitations or requirements on the sending of solicited or consented-to fax advertisements."  *Nack v. Walburg*, 715 F.3d 680, 683 (8th Cir. 2013) (reversing grant of

2

summary judgment to defendant on ground TCPA did not allow regulation of solicited faxes even when there was no opt-out notice). However, the most pertinent regulation promulgated by the FCC "read most naturally and according to its plain language, extends the opt-out notice requirement to solicited as well as unsolicited fax advertisements." *Id*. That regulation provides "[a] facsimile advertisement that is sent to a recipient that has provided prior express invitation or permission to the sender must include an opt-out notice that complies with the requirements in paragraph (a)(4)(iii) of this section." 47 C.F.R. § 64.1200(a)(4)(iv).

Courts, like the Eighth Circuit, while noting the apparent lack of statutory authority underlying the FCC's regulation, have nonetheless declined to interpret the TCPA contrary to the regulations promulgated under it by the FCC due to the constraints of the Hobbs Act. *See e.g., Nack*, 715 F.3d at 686. However, those courts have stayed cases involving TCPA claims for failing to include an opt-out notice on a solicited fax advertisement pending the FCC's resolution of numerous petitions challenging the regulations.[1]

In *Nack v. Walburg*, the Eighth Circuit recognized that "it was questionable whether the regulation at issue (thus interpreted [to apply to solicited faxes]) properly could apply to permissive faxes or could have been promulgated under the statutory section that authorizes a private cause of action." *Nack*, 715 F.3d at 682. Accordingly, the Eighth Circuit strongly suggested that the *Nack* defendants move to stay the case when it was remanded to the Eastern District. *Id*. at 687. Following the Eighth Circuit's suggestion, defendants moved to stay and

---

[1] The FCC is currently considering over twenty petitions that challenge the legality of holding an individual or entity liable under the TCPA for faxes sent with permission when those faxes failed to include an opt-out notice (hereinafter, the "Related Petitions"). Those petitions are available on the FCC's webpage at http://apps.fcc.gov/ecfs/ by using the ECFS Full Text Search, Advanced, and searching for all petitions filed under FCC Proceeding (Docket) No. 02-278 with the keyword "opt-out." For the Court's convenience, four of the recently-filed petitions are attached hereto in Exhibit A.

3

Judge Fleissig granted the stay pending a ruling on the petitions filed with the FCC. *See Nack v. Walburg*, Case No. 4:10CV00478, 2013 WL 4860104, at *1-2 (E.D. Mo. Sept. 12, 2013) (holding "[i]n light of the Eighth Circuit's suggestion, this Court will follow suit" and stay the case).

Since the *Nack* decision, courts located in this district and in other jurisdictions have stayed trial court proceedings to allow the FCC to address the propriety of the opt-out regulations in order to avoid a situation where the courts might reach inconsistent results in the interim. *See e.g., St. Louis Heart Center, Inc. v. Gilead Palo Alto, Inc*., Case No. 4:13-cv-958, 2013 WL 5436651, at *1-2 (E.D. Mo. Sept. 27, 2013) (granting defendants' motion to stay "[i]n light of the Eighth Circuit's suggestion in Nack and in the interests of reaching consistent results in similar TCPA cases"); *Raitport v. Harbour Capital Corp.*, Case No. 09-cv-156, 2013 WL 4883765, at *1 (D. N.H. Sept. 12, 2013) (noting the conflict between the language in the TCPA and the scope of the FCC's regulations, declining jurisdiction to resolve the issue and holding that "[g]iven the substantial effect that the outcome of the pending [FCC] administrative proceedings will have on disposition of the pending issues in this case, particularly with respect to certification of the proposed class, this litigation shall be stayed pending a final decision in those matters"); *Burik v. Staples Contract and Commercial, Inc*., No. 1:12-cv-10806 (Doc. No. 90) (D. Mass. filed Aug. 9, 2013) (granting motion to stay pending the FCC's decision on the opt-out issue).

As one district court also recognized when entering a stay, "[i]t stands to reason that the more petitions the FCC receives, the greater the likelihood that the Commission will address the relevant issues on the merits and the more cases that are stayed pending the resolution of those proceedings, the greater the potential for consistent results in TCPA litigation."  *Physicians*

4

*Heathsource, Inc. v. Purdue Pharma L.P.*, No. 3:12-CV-1208, 2014 WL 518992, *2 (D. Conn. Feb. 3, 2014) (noting "although I am inclined to agree with the defendants that the FCC lacks authority to regulate solicited faxes pursuant to § 227(b) of the TCPA," the Hobbs Act may prevent resolution of that issue at the trial court level and therefore granting motion to stay awaiting FCC decision on petition regarding opt-out notice as "the wiser course of action").

The FCC's ruling on the Related Petitions and the petition that FP is preparing to file will significantly impact the issues in this case, including whether FP can move for judgment on certain of Plaintiff's claims, the defenses that FP is able to present, the scope of discovery and the class certification process.  Both the Court's and the parties' resources should be conserved by waiting to proceed until after the FCC has resolved the issues relating to the regulations that it promulgated under the TCPA, so that efforts are not duplicated or found wholly unnecessary later.

Finally, Plaintiff will not be prejudiced by a stay.  FP has collected and preserved the available documents and data relating to any faxes sent by it during the alleged class period.  FP will continue to preserve those documents and data during the pendency of any stay.

## **CONCLUSION**

The FCC is currently considering the propriety of the regulations that are central to the viability of key claims asserted by the Plaintiffs and the resolution of those issues will greatly impact the scope of this case.  For the reasons stated herein, FP requests that the Court enter an order staying this case pending (1) the disposition of the related pending TCPA petitions for declaratory judgment filed with the FCC; (2) the disposition of FP's administrative petition that it is preparing to file with the FCC; and (3) any rulings by the Federal Court of Appeals appealing from the FCC's final dispositions of those petitions.

HEPLERBROOM LLC

By: /s/ Michael L. Young
    Theodore J. MacDonald, Jr. # 28465MO
      e-mail:  tjm@heplerbroom.com
    Michael L. Young              # 52058MO
      e-mail:  mly@heplerbroom.com
    Katherine E. Jacobi           # 63907MO
      e-mail:  kej@heplerbroom.com
    211 North Broadway, Suite 2700
    St. Louis, Missouri 63102
    314-241-6160 telephone
    314-241-6116 facsimile
ATTORNEYS FOR **DEFENDANT**

## PROOF OF SERVICE

I hereby certify that I electronically filed on this 9th day of September, 2014, the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- Max Margulis; ATTORNEY FOR **PLAINTIFF**

and mailed by first class mail, postage prepaid, and by depositing in a U.S. Post Office mail box, a copy of the document to the following non-registered participant:

ATTORNEY FOR **PLAINTIFF**
    Brian J. Wanca
    Anderson + Wanca
    3701 Algonquin Road, Suite 760
    Rolling Meadows, Illinois  60008

/s/ Michael L. Young

6